IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID FOWLER, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 15-cv-1421 | |
| § | | |
| C3 RACING d/b/a NEW ENGLAND § | | |
| CLASSIC CAR COMPANY, MARC § | | |
| EVANS, AND GEORGE SQUIRE, § | | |
| *Defendants*. § | | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS C3 RACING, INC.
AND MARC EVANS FOR LACK OF PERSONAL JURISDICTION**

C3 Racing, Inc. d/b/a New England Classic Car Company ("C3 Racing") and Marc Evans ("Evans") respectfully submit this Reply in Support of their Federal Rule of Civil Procedure 12(b)(2) Motion to Dismiss C3 Racing, Inc. and Marc Evans For Lack of Personal Jurisdiction and would state as follows:

**SUMMARY OF REPLY**

Plaintiff's First Amended Complaint and Plaintiff Fowler's Response to Defendants' Motion to Dismiss and Fowler's Motion to Strike ("Plaintiff's Response") fail to cure the jurisdictional deficiency that necessitates dismissal of his claims. Plaintiff has not met his burden of establishing this Court's jurisdiction over C3 Racing and Evans.

Plaintiff's Response makes a number of allegations which are both factually incorrect and irrelevant to the issue presented—whether this Court has personal jurisdiction over C3 Racing and Evans. Even if Plaintiff's allegations are taken as true, the contacts he identifies with the forum State of Texas were created by the Plaintiff or a third party, not C3 Racing or Evans. The

Due Process Clause does not permit the exercise of personal jurisdiction under these circumstances.

**ARGUMENTS & AUTHORITIES**

**I. Plaintiff Failed to Establish Minimum Contacts to Support Specific Jurisdiction**

The specific jurisdiction inquiry focuses on the *defendant's conduct* with respect to the forum State. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Plaintiff acknowledges this principle, (*See* Pl. Resp. ¶ 19), yet nonetheless focuses on *his own conduct* within Texas. It is undisputed that no part of either C3 Racing's or Evans's conduct occurred in Texas. Plaintiff's "unilateral" decision to transport and store the car in Texas is not sufficient to support this Court's personal jurisdiction over C3 Racing or Evans. *See McFadin,* 587 F.3d at 759.

The fact that Plaintiff has rehashed his time-barred breach of contract claims as tort claims does not change this Court's inquiry. "The proper focus of the minimum contacts inquiry in intentional-tort cases is the relationship among the **defendant, the forum, and the litigation**" *Walden v. Fiore*, 134 S.Ct. 1115, 1126 (2014) (internal quotation marks omitted) (emphasis added); *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 790 (Tex.2005) (holding that a Court's jurisdiction turns on a *defendant's contacts with the forum State*, not where the defendant "directed a tort"). In *Walden*, the issue before the United States Supreme Court was "whether a court in Nevada may exercise personal jurisdiction over a defendant on the basis that he knew his allegedly tortious conduct in Georgia would delay the return of funds to plaintiffs with connections to Nevada." *Id*. at 1119. The Supreme Court answered that question with a unanimous "no." *Id*.

A defendant's knowledge of a plaintiff's forum connections is not enough to satisfy the minimum contact inquiry, even where harm in the forum is foreseeable. *Id*. at 1124–25. The Supreme Court in *Walden* rejected the Ninth Circuit Court of Appeals' view that the defendant's "knowledge of [plaintiffs'] strong forum connections" combined with "foreseeable harm in Nevada" satisfied the minimum contacts inquiry, reasoning that "[t]his approach to the minimum contacts analysis impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." *Id*. at 1124–25. The Supreme Court similarly rejected the plaintiffs' argument that there were sufficient minimum contacts because the plaintiffs suffered the "injury" caused by the defendant's allegedly tortious conduct while they were residing in Nevada, reasoning that "mere injury to a forum resident is not sufficient connection to the forum." *Id*. at 1125. Applying these principles to this case, neither C3 Racing nor Evans has sufficient minimum contacts with the State of Texas to authorize this Court jurisdiction.

In support of his argument that this Court has jurisdiction Plaintiff first alleges that he has had physical possession of the car in Texas since he purchased it in 2007 (Pl. Resp. ¶ 23). But the Supreme Court in *Fowler* rejected the idea of focusing the jurisdictional analysis on a plaintiff's forum connections. *Walden*, 134 S.Ct. at 1125. Thus Plaintiff's decision to keep the car in Texas plainly does not affect this Court's jurisdiction.

Plaintiff further alleges that there are sufficient minimum contacts because C3 Racing and Evans "sold" the car to Squire with knowledge that the car had already been sold to Fowler and was located in Texas (Pl. Resp. ¶ 24). Again, the Supreme Court in *Fowler* expressly rejected the idea that a defendant's knowledge of a plaintiff's forum contacts satisfied the minimum contacts requirement. *See Walden*, 134 S.Ct. at 1124–25. So has the Texas Supreme Court. *See Michiana Easy Livin'*, 168 S.W.3d at 790.

Finally, Plaintiff alleges that C3 Racing, Evans, and Squire "conspired to create a fictitious bill of sale with which Squire was then able to register Fowler's Morgan in Maine." (Pl. Resp. ¶ 25). This allegation also misses the mark because the alleged activities of C3 Racing and Evans, both citizens of Connecticut, and George Squire, a citizen of Maine ("Squire"), had no connection with the State of Texas. Neither the alleged conspiracy, creation of the "fictitious bill of sale," or registration occurred in Texas. Plaintiff has not alleged otherwise. Because there are no connections between these activities and Texas, they cannot serve as the basis for this Court's jurisdiction.

## II. C3 Racing Did Not Direct Any Marketing Efforts to Texas So As To Grant This Court General Jurisdiction

The relevant inquiry for general jurisdiction analysis, like specific jurisdiction analysis, is the *defendant's contacts* with the forum state. *Johnston v. Multidata Sys. Int'l*, 523 F.3d 602, 609 (5th Cir. 2008). General jurisdiction exists "when a non-resident defendant's contacts with the forum state are substantial, continuous, and systematic." *Id*. (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–19 (1984).)

Plaintiff now alleges that this Court has general jurisdiction over C3 Racing (but still not Evans) solely because C3 Racing advertised in Hemmings Motor News (Pl. Resp. ¶ 31). Plaintiff failed to mention the uncontroverted fact that Hemmings Motor News is a national publication based in Vermont. (Memorandum of Decision [Doc. 5-1] at 8.) Advertising in a national publication, without more, is insufficient contacts to support general jurisdiction. *Compare Johnston*, 523 F.3d at 611 (Selling approximately $140,000 worth of goods representing three percent of business during five year period, advertising in national trade journal, and having employees periodically attend trade conferences insufficient contacts for general jurisdiction.),

*with Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569 (Tex. 2007) (Purposely directing marketing efforts to Texas by advertising in local Texas newspaper, directly e-mailing Texas residents, sending brochures to Texas residents, paying a fee to a local Texas travel agency to promote its service, and offering other incentives to Texas residents sufficient contacts for general jurisdiction.) C3 Racing had no control over the circulation of Hemmings Motor News, and it was not C3 Racing's decision to circulate the publication in the State of Texas. Plaintiff has alleged no other marketing efforts by C3 Racing.

C3 Racing's other general business contacts with Texas are minimal. C3 has sold classic cars for approximately twenty years. Declaration of Marc Evans. ¶ 3, attached. During that time period C3 has sold approximately one thousand cars. Declaration of Marc Evans. ¶ 4. During that same time period C3 has sold less than five cars in the State of Texas. Declaration of Marc Evans. ¶ 5. The less than one half of one percent of cars that C3 has sold in Texas over the past twenty years combined with its utter lack of directed marketing efforts is far from the "continuous and systematic general business contacts" required for this Court to exercise general jurisdiction. *See Helicopteros Nacionales*, 466 U.S. at 414–19.

Plaintiff has failed to allege conduct of C3 Racing or Evans which was directed specifically at the State of Texas. Whatever contacts may exist between C3 Racing or Evans and the State of Texas were created by Plaintiff or a third party. As such it is respectfully requested that this Court grant Defendants' Motion to Dismiss C3 Racing, Inc. and Marc Evans For Lack of Personal Jurisdiction.

Date: August 17, 2015.

Respectfully submitted,

/s/ Randall O. Sorrels
Randall O. Sorrels
Attorney-in-charge
Texas Bar No. 18855350
Southern District No. 11115
ABRAHAM, WATKINS, NICHOLS,
SORRELS, AGOSTO & FRIEND
800 Commerce Street
Houston, Texas 77002
Telephone: 713-222-7211
Facsimile: 713-225-0827
Email: rsorrels@abrahamwatkins.com

*Attorney for Defendants C3 Racing, Inc. and Marc Evans*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this instrument was served on all counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure on August 17, 2015:

Victor S. Elgohary
State Bar No. Bar 24067587
6406 Arcadia Bend Ct
Houston, Texas 77041-6222
victor@vselgohary.com
Phone (281) 858-0014

                                                 /s/ Randall O. Sorrels
                                                 Randall O. Sorrels