IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAVID FOWLER,                    §
    Plaintiff,                §
                       §
v.                               §            CIVIL ACTION NO. H-15-1421
                       §
C3 RACING, *et al.*,             §
    Defendants.               §
                       §

## MEMORANDUM AND ORDER

Plaintiff David Fowler filed this lawsuit asserting a conversion claim, a claim under the Texas Theft Liability Act, and a slander of title claim. Plaintiff seeks declaratory and monetary relief. Defendants C3 Racing d/b/a New England Classic Car Company ("C3 Racing") and Marc Evans filed a Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 5], to which Plaintiff filed a Response [Doc. # 7], and Defendants filed a Reply [Doc. # 10]. Having reviewed the full record and applied governing legal authorities, the Court **grants** the Motion to Dismiss.

## I.  BACKGROUND

Plaintiff alleges that in November 2007, he purchased a 1989 Morgan Plus 4 ("Morgan") automobile from Defendants C3 Racing and Evans, the President of C3 Racing. Plaintiff wire transferred $30,000.00 to Evans's personal bank account as payment for the Morgan, but the bill of sale was between Plaintiff and C3 Racing.

In November 2009, Plaintiff filed a lawsuit in Texas state court alleging that C3 Racing violated the Texas Deceptive Trade Practices Act by failing to deliver to Plaintiff a certificate of title to the Morgan.  The Texas state court entered default judgment against C3 Racing on September 14, 2010.

In December 2013, Plaintiff filed a lawsuit in Connecticut state court seeking to domesticate the Texas court default judgment against C3 Racing.  Alternatively, Plaintiff alleged that C3 Racing breached a contract entered into between Plaintiff and C3 Racing in June 2010 when C3 Racing promised to deliver paperwork that Plaintiff needed to obtain title to the Morgan in Texas.  The Connecticut state court denied domestication of the default judgment against C3 Racing, holding that C3 Racing lacked the necessary minimum contacts for the Texas court to exercise personal jurisdiction.  The matter is currently on appeal in Connecticut.

In connection with the Connecticut state court proceeding, Evans and C3 Racing produced documents indicating that the Morgan sold to Plaintiff in 2007 was sold by C3 Racing to Defendant George Squire on February 12, 2015, for $2,000.00. Squire has registered the Morgan with the Maine Bureau of Motor Vehicles, but Plaintiff has a bill of sale from C3 Racing and has physical possession of the vehicle.

Plaintiff filed this lawsuit against C3 Racing, Evans, and Squire on May 27, 2015, and filed an Amended Complaint [Doc. # 6] on July 23, 2015.  There is no

evidence in the record that Plaintiff has served the summons and complaint on Squire. Defendants C3 Racing and Evans have moved to dismiss, arguing that this Court lacks personal jurisdiction.  The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II.    **STANDARD FOR PERSONAL JURISDICTION**

"In diversity cases under 28 U.S.C. § 1332, the exercise of personal jurisdiction over a non-resident defendant must comport with both federal constitutional due process requirements and the long-arm statute of the state in which the district court is located." *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013); *accord Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010).  Only one inquiry is required in Texas since the long-arm statute extends to the limits of federal constitutional due process.   *Palermo*, 723 F.3d at 559.   The constitutional requirements are satisfied if the nonresident purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts there such that it could reasonably anticipate being haled into court in the forum state, and if the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.  *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787-88 (2011); *Clemens*, 615 F.3d at 378.

The plaintiff bears the ultimate burden of showing that the nonresident defendant is subject to personal jurisdiction in the forum state.  *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 176 (5th Cir. 2013); *Clemens*, 615 F.3d at 378.  On a motion to dismiss decided without an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction.  *Palermo*, 723 F.3d at 559; *Clemens*, 615 F.3d at 378.  "'[T]he court must accept as true all uncontroverted allegations in the complaint and must resolve any factual disputes in favor of the plaintiff.'" *Ainsworth*, 716 F.3d at 176 (quoting *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 496 (5th Cir. 2012)).

Minimum contacts with Texas may result in a federal court's "general" or "specific" jurisdiction over a nonresident defendant.  *See Clemens*, 615 F.3d at 378. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation."  *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (internal quotation

marks and citations omitted).  Courts must determine whether "there was 'some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2854 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) (alteration in original).  "[T]he defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 134 S. Ct. at 1121;  *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

The courts should apply a three-step analysis for the specific jurisdiction inquiry: "'(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.'" *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)).  The plaintiff bears the burden of proof for the first two prongs of the analysis, and the burden then shifts to the defendant to show that exercising jurisdiction would be unfair or unreasonable. *Id.*

## III.   ANALYSIS

Plaintiff Fowler argues that this Court has specific jurisdiction over both Defendants, and has general jurisdiction over Defendant C3 Racing.  It is undisputed that C3 Racing and Evans are citizens of Connecticut.  Neither Defendant has an office or employees in Texas.  C3 Racing is not licensed to do business in Texas, and neither Defendant regularly conducts business in this state.  There is no evidence that C3 Racing or Evans directed any marketing efforts to Texas residents other than advertising in a publication printed in Vermont and distributed nationwide.

### A.   Specific Jurisdiction

Plaintiff argues that this Court has specific personal jurisdiction over both C3 Racing and Evans, but fails to make the necessary showings.  As stated previously, a court has specific personal jurisdiction over a non-citizen defendant only if there was some act by which the defendant purposefully availed himself of the privilege of conducting activities in the forum state.  *See Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2854.  Purposeful availment requires evidence that the defendant's contacts with the forum state are attributable to his own conduct and not based solely on the plaintiff's actions.  *See Crystal Semiconductor Corp. v. OPTI Inc.*, 1997 WL 783357, *4 (W.D. Tex. July 14, 1994).

In this case, the undisputed evidence shows that Plaintiff travelled to Connecticut to view and test drive the Morgan.[1]  Plaintiff paid for the vehicle by wiring the $30,000.00 purchase price to Evans's personal bank account at the Toronto-Dominion Bank, which is located in a state other than Texas.  Plaintiff received delivery of the Morgan in Connecticut and paid to have it shipped to Texas.[2]  *See* Memorandum of Decision (by Connecticut State Court), Exh. A to Motion to Dismiss, p. 2.

Plaintiff asserts that his claims in this lawsuit arise out of the purported sale of the Morgan to Squire.  There is no evidence that any conduct by C3 Racing and Evans in connection with the sale of the Morgan to Squire occurred in Texas.  Plaintiff argues that the transfer of ownership of the Morgan to Squire "through Maine's vehicle registration system is no different than Evans and C3 coming to Texas and physically taking Fowler's Morgan to Maine."  *See* Response, ¶ 25.  For purposes of personal jurisdiction, however, there is a significant difference.  There is no evidence

---

[1]     The Declaration of Marc Evans, attached as Exhibit 1 to Defendants' Reply, is made "upon personal knowledge" and "under penalty of perjury."  As a result, Defendants have cured the challenged defects in the original Evans Declaration.  Plaintiff's Objections and Motion to Strike included in the Response to Defendants' Motion to Dismiss are **denied**.

[2]     Plaintiff does not allege that Defendants delivered the Morgan to him in Texas, only that the Morgan was delivered to him in Texas.  Defendants explain that Plaintiff paid for the Morgan to be transported to Texas after delivery to him in Connecticut, and the state court in Connecticut so found.

that any of the conduct by C3 Racing and Evans in connection with the sale of the vehicle to Squire took place in Texas.  Indeed, it appears that the allegedly wrongful conduct would have occurred, if at all, in Connecticut and Maine.  There is no evidence that C3 Racing and Evans purposely availed themselves of the laws of the state of Texas when they allegedly sold the Morgan to Squire and assisted in his registering the vehicle in Maine.

In this lawsuit, Plaintiff has asserted a conversion claim against C3 Racing and Evans based on their refusal to deliver the necessary documents for him to register the Morgan in Texas, his state of residence.[3]  Plaintiff argues that, because the Morgan is physically present in Texas, this Court has specific personal jurisdiction over Defendants.  Plaintiff's argument is unsupported by relevant legal authority and is unpersuasive.  None of Defendants' conduct in connection with delivering a certificate of title occurred in Texas.   Nor did Defendants engage in conduct by which Defendants purposely availed themselves of the right to conduct business in Texas.

Plaintiff has failed to demonstrate that C3 Racing or Evans engaged in conduct by which they purposefully availed themselves of the privilege of conducting business

---

[3]     Under Texas law, conversion is a tort against the right to the possession of property, not title.  *See Killian v. TransUnion Leasing Corp.*, 657 S.W.2d 189, 192 (Tex. App. -- San Antonio 1983, writ ref'd n.r.e.); *Crest Infiniti II, LP v. Texas RV Outlet*, 2015 WL 350621, *1 (Tex. App. -- Dallas 2015); *Bank of Houston v. Thomas*, 1989 WL 131081 (Tex. App. -- Houston [14th Dist.] 1989, writ denied).

or other activities in Texas.  Plaintiff, therefore, has failed to satisfy his burden to establish that this Court has specific personal jurisdiction over either of these two Defendants.

### B.    General Jurisdiction

Plaintiff argues that this Court has general jurisdiction over C3 Racing.  As noted above, a court may exercise general jurisdiction over non-citizens when their contacts with the forum state are "continuous and systematic."  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

Plaintiff has presented evidence that C3 Racing advertises in Hemmings Motor News, a national publication based in Vermont.  "National advertising, not targeted to the forum state, has been found insufficient as a basis for general personal jurisdiction."  *Glazier Group, Inc. v. Mandalay Corp.*, 2007 WL 2021762, *10 (S.D. Tex. July 11, 2007) (citing *Singletary v. B.R. X., Inc.*, 828 F.2d 1135, 1136 (5th Cir. 1987)); *see also Thompson v. Diamond State Ins. Co.*, 2007 WL 654337, *4 (E.D. Tex. Feb. 27, 2007) (citing *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 376 (5th Cir. 1987)).

C3 Racing has presented uncontroverted evidence that it has been selling classic cars for approximately twenty years, selling approximately one thousand cars during that period of time.  Fewer than five of those cars have been sold to persons living in

Texas.  Five sales to Texas residents over a twenty-year period of time does not constitute "continuous and systematic" general business contacts with this state. Additionally, while it is clear that C3 Racing has done limited business in Connecticut with Texas residents, there is no evidence that it has done business **in** Texas.  *See Autoflex Leasing, Inc. v. Team Motor Sports, Inc.*, 2004 WL 1402517, *3 (N.D. Tex. June 23, 2004) (citing *Revell v. Lidov*, 317 F.3d 467, 471 (5th Cir. 2002)).

Plaintiff has failed to satisfy his burden to demonstrate continuous and systematic contacts with the State of Texas by C3 Racing.  Consequently, Plaintiff has not established that this Court has general personal jurisdiction over that Defendant.

## IV.   CONCLUSION AND ORDER

As explained herein, Plaintiff has failed to satisfy his burden to establish that this Court has personal jurisdiction over Defendants C3 Racing and Marc Evans.  It is, therefore, hereby

**ORDERED** that Defendants C3 Racing and Marc Evans's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 5] is **GRANTED**.  All claims against C3 Racing and Marc Evans are **DISMISSED WITHOUT PREJUDICE**.  It is further

**ORDERED** that by **September 25, 2015**, Plaintiff shall either present evidence of service on Defendant George Squire or show cause why this case should not be dismissed for lack of service.  Plaintiff is advised that failure to comply will result in

dismissal of this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure as against Defendant Squire.  It is further

ORDERED that the initial conference is rescheduled to **October 5, 2015, at 11:30 a.m.**

SIGNED at Houston, Texas, this **21**[st]  day of **August, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE